HAYES, appellant, v. ADAMS.

*Wrongful conversion — what is not.*

The holder of a promissory note, claimed to have been made by a deceased person, but which was disputed by the representatives of the alleged maker, placed it in the hands of M., to be negotiated for such amount as he could get from those interested in the estate. A daughter of the alleged maker paid M. a small part of its face value and received the note, which she handed over to the executors of her father's estate. *Held*, that such daughter did not wrongfully convert the note.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought for the alleged conversion of a promissory note for $5,000, dated September 14, 1864, payable on demand, with interest, to the order of Nellie Taylor, plaintiff's mother, and purporting to be made by one A. Throckmorton, of Louisville, Kentucky, defendant's father. The action was referred and tried before a referee, who found, in substance, the following facts :

Mrs. Nellie Taylor had, on and prior to the year 1864, in her possession a sum of money belonging to the plaintiff, who then, and until November 20, 1870, was under twenty-one years of age. During such time, said Nellie Taylor was the natural guardian of the plaintiff (who had no statutory guardian), her father being dead.

About September, 1864, said guardian loaned out of said money, to A. Throckmorton, of Louisville, Kentucky, $5,000, and took his promissory note therefor, which he made in the city of New York. Said note was payable on demand to Nellie Taylor or order.

Some time in or before the year 1868, said Nellie Taylor placed

said note, indorsed by her, in the hands of one Miner, with author-
ity to obtain such amount as he might be able from the rep-
resentatives or kindred of the maker, and upon obtaining such
amount to surrender the note. Said Miner, under his authority,
received from defendant, a daughter of the maker, $1,500 of her own
money, which she paid in satisfaction of the note, which was there-
upon given up to her and by her surrendered to the executors of the
maker.

The referee found, as a conclusion of law, that the note was not
wrongfully converted by the defendant to her own use, and dismissed
the complaint.

It was claimed, on the part of the plaintiff, that the note was put
in Miner's hands for the sole purpose of enabling him to show the
same to a son of the maker and convince him of its genuine-
ness ; that the note was not indorsed by Nellie Taylor, but was
indorsed by Miner without authority, and passed to defendant for
$1,500, which she paid in behalf of her father's estate in full satis-
faction of the note, and that she received credit from the estate for
the advance.

*W. I. Butler*, for appellant.

*Thomas L. Snead* and *James Clark*, for respondent.

BARNARD, P. J.   We think the referee is fully sustained in his
finding, that the plaintiff's mother, Mrs. Taylor, indorsed the note
in question, and delivered it to Miner, to be negotiated for such
amount as he could get from the persons interested in the estate of
the deceased maker.   Miner got the note from her without dispute,
The note was questioned by the children of the maker.   To estab-
lish the genuineness of the note, Mrs. Taylor got a sworn certificate
from a Mr. Corbiere, that he saw the note delivered ; and also made a
sworn statement of her own as to its genuineness.   Miner offered
the note to a son of deceased for $2,000, which was declined ; and
subsequently offered to take $1,500.   The defendant, who was a
daughter of deceased, gave him her check payable to his, Miner's,
order for that sum ; and upon Mrs. Taylor's and Miner's indorse-
ment, took the note and delivered it to defendant.   Mrs. Taylor's
counsel wrote, at Mrs. Taylor's request, to the executor of deceased,
that Mrs. Taylor gave the note to Miner " to be negotiated."

The evidence throws a strong suspicion on the claim itself. A minute examination of Mrs. Taylor's and Mr. Corbiere's testimony will certainly produce that result. That question, however, is not presented by this appeal, and is not important, except to furnish a reason why $1,500 was accepted for an apparent claim of $5,000.

It was not erroneous to permit Mrs. Taylor to write her name on the referee's minutes by consent, and the evidence could be made legal by an agreement between the parties.

The signature was made "for the purpose of comparison" by the referee. The evidence is sufficient to sustain the finding, with the other testimony in the case.

I see no objection to the admission of the sworn certificate of Mrs. Taylor — her handwriting to it is proven, and the county clerk's certificate establishes the genuineness of that of the notary.

The proof of the notary's handwriting by comparison was immaterial.

The defendant, by her payment of $1,500 on her own account, became the legal owner of the note. Her subsequent surrender of it to her father's executors, as paid, did not change her rights as against the plaintiff. As to her, the defendant owned the note.

Upon the whole case, the judgment should be affirmed, with costs.

*Judgment affirmed.*